**BRYAN CAVE LLP**
Katherine M. Windler, California Bar No. 158899
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Creditor
Silar Advisors, LP, Silar Special Opportunities Fund, LP
and Asset Resolution, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 08-21925-ER |
| LAWRENCE EUGENE REDMAN and JOY ANN REDMAN, | Assigned to the Honorable Ernest M. Robles |
| | Chapter 11 (Involuntary) |
| Debtor and Joint Debtor. | **NOTICE OF SUBSTITUTION OF PETITIONING CREDITOR** |
| | DATE:    May 21, 2009<br>TIME:    11:00 a.m.<br>PLACE:    Courtroom 1568 |

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Silar Advisors, LP, Silar Special Opportunities Fund, LP, and Asset Resolution, LLC (collectively referred to as "ARC"), has been substituted for petitioning creditor Compass FP Corp. ("Compass").

### A.    Procedural History

Compass filed this case as one of several petitioning creditors to recover on guaranty(s) allegedly entered into by Lawrence Redman, among other things.  ARC believes that no answer to the involuntary petition has been filed and no formal discovery commenced, but filing party herein, ARC, has no access to the full legal files held by the previous counsel to Compass, and is not aware of the scope of that discovery to date, whether formal or informal.  Compass did not fully satisfy the legal fees charged by Sheppard Mullin, the prior counsel, and it is unclear where those files currently reside.

Debtor Lawrence Redman is believed to have personally guaranteed the indebtedness of several underlying corporate borrowers on a principal amount of $6.5 million and a separate guaranty of $4,150,000.  The loans were funded by private investors (often called the "Direct Lenders"), and was arranged by USACM, the broker described below.

The borrowers defaulted on the loans and Compass, by filing several state court litigation actions and participating in the filing of the involuntary petition, and now ARC, is attempting o collection on the guaranty obligations.  Millions in unpaid interest and late fees have accrued, leaving a current aggregate balance estimated in excess of $15 million.

### B.    USA Capital Bankruptcy Auction Sale

On April 13, 2006, USA Commercial Mortgage Company ("USACM") and certain of its affiliates, including USA Capital First Trust Deed Fund, LLC ("FTDF") (collectively the "USA Debtors"), filed voluntary chapter 11 bankruptcy petitions before Judge Linda Riegle (United States Bankruptcy Court, District of Nevada).  On September 22, 2006, the USA Debtors filed a motion scheduling an auction of substantially all of their assets (the "Sale Motion").  Judge Riegle approved the Sale Motion on November 8, 2006.

Compass USA SPE LLC ("Compass SPE") and Compass Financial Partners LLC was the winning bidder and the auction sale was memorialized in an Asset Purchase Agreement dated December 8, 2006.  Compass SPE and Compass Financial Partners LLC assigned their rights to a single purpose entity Compass FP Corp. (referred to as Compass herein), the filing plaintiff in

many litigation matters and one of the petitioning creditors in this instant case. By its winning bid, Compass had the right to file the instant case, to protect its interest and that of all the Direct Lenders who hold fractional interests in the underlying loans. The APA set forth the terms of Compass's acquisition of the USA Debtor's assets. These assets included the contractual right to service USACM's loan portfolio, including the right to various accrued and future fees and sums due the loan servicer as defined under each of the LSAs (collectively, the "Servicing Rights"). The sale to Compass closed on February 16, 2007.

It was this sale that gave Compass the right to pursue recovery on the loans made by USACM against borrowers and guarantors, like the instant cases.

The approval of the Sale Motion, the confirmation of the plan and other things were appealed. Ultimately, the confirmation of the plan and the sale order were affirmed and those orders of Judge Riegle of the Bankruptcy Court became final. However, continuing litigation between the Direct Lenders and ARC is being heard by the United States District Court for the District of Nevada, the Honorable Judge Jones presiding, the reference having been withdrawn. That litigation involves principally the contested valuation of the Servicing Rights, or which parties are entitled to what amount of the funds ultimately collected from borrowers and guarantors. Trial has been set for October 2009 and is predicted to last more than 6 months.

### C.    Silar's Financing of Compass' Acquisition

Silar Advisors, LP ("Silar"), on behalf of its managed funds, financed Compass' $67 million acquisition of the Debtors' assets through a repurchase transaction with the Servicing Rights and the Purchased Loans as collateral. The loan was documented under a Master Repurchase Agreement that operated like a financing. Although denoted as a purchase by Silar and a repurchase by Compass SPE of the Purchased Assets, the transaction between Compass SPE and Silar was a loan secured by collateral (i.e., the Purchased Assets).

By the Repurchase Agreement, Silar became Compass' lender and was secured by the Purchased Assets. Silar perfected its security interest in the Purchased Assets by filing a UCC-1 financing statement in the State of Delaware. The Repurchase Agreement granted Silar explicit

1  rights and remedies in the event Compass SPE defaulted on its obligations under the Repurchase
2  Agreement.

### D.    ARC's Foreclosure on Compass SPE's Interests in the Purchased Assets

Silar foreclosed on Compass through ARC when Compass' resources were completely drained.  Silar exercised its rights under its Repurchase Agreement with Compass and, effective as of September 26, 2008, took ownership of the Purchased Assets.  To accomplish this task, Silar created ARC, which is an acceptable method to foreclose on assets.

### E.    The District Court March 16, 2009 Ruling

Following the foreclosure by ARC, hundreds of the Direct Lenders who hold interest in the loans and the ultimate recovery of any proceeds or judgment in this litigation, objected to the successor status of ARC, and asked the District Court in Nevada to determine that ARC was not the servicer and that the rights to pursue litigation and collection rested directly in them.

ARC opposed that position and Judge Jones encouraged Silar and ARC to file a motion to determine the matter.  In response, ARC filed its Motion to (1) Substitute Asset Resolution, LLC as Assignee by Virtue of Foreclosure of Compass USA Servicing Rights Under the Loan Agreements with Respect to the Contractual Servicing Rights and (2) Substitute Asset Resolution as Assignee by Virtue of Foreclosure of Compass USA with Respect to the Preliminary Injunction by Intervenor Asset Resolution (the "Substitution Motion"), and on March 16, 2009, District Court Judge Jones orally ruled that ARC became, as a result of foreclosure, the assignee of Compass SPE's interests in the contractual Servicing Rights.  That ruling gives ARC the authority to now seek plaintiff in intervention status in this litigation (among many more).  Thus, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, the Court agreed to enter an order substituting Silar as Compass SPE's assignee of the Servicing Rights and recognizing the assignment of those rights to ARC.

The order permitting ARC to substitute into Compass's position following the Substitution Motion was entered by the United States District Court for the District of Nevada on April 20, 2009.  Neither side is satisfied with the form of order written by Judge Jones, and has asked Judge

SM01DOCS731918.1                                   4

NOTICE OF SUBSTITUTION OF
PETITIONING CREDITOR

1  Jones to revise his form of order.  Instead, the parties have relied upon the transcript of the
2  March 16, 2009 hearing and the oral ruling by District Court Judge Jones that he would permit the
3  substitution of Silar as the senior foreclosing lender, but would only recognize but not yet approve,
4  the assignment of Silar to a wholly owned subsidiary ARC.  Judge Jones was reluctant to
5  determine any issue that was for trial.  Requests have been made to Judge Jones for a modified
6  form of order, and at least one represented group of the Direct Lenders have even uploaded a
7  proposed form of order, yet this matter remains pending before Judge Jones.

8  Notably, at the March 16, 2009 hearing, Counsel for Silar and ARC confirmed from Judge
9  Jones that the authority to act as the servicer remained fully intact, citing from the July 11, 2008,
10 order, which says at paragraph 8 that Silar may exercise its contractual rights, specifically that,

> Nothing in this order shall prevent Silar from exercising any contractual rights and remedies under and consistent with the contracts and agreements controlling its relationship with Compass, including consistent with the preliminary-injunction order its right to foreclose on its collateral and its right to appoint an alternative loan servicer.

July 11, 2008 order, attached at Exhibit "A" hereto.

16 Accordingly, ARC hereby gives notice that it has substituted in place of Compass as one of
17 the petitioning creditors.

19 Dated: May 19, 2009            BRYAN CAVE LLP

By:   */s/ **Katherine M. Windler***
      Katherine M. Windler
      Attorney for Creditor,
      ASSET RESOLUTION CORPORATION

SM01DOCS731918.1                     5

NOTICE OF SUBSTITUTION OF
PETITIONING CREDITOR

Main Document    Page 6 of 8

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2305.

On May 19, 2009, I served the foregoing document(s), described as **NOTICE OF SUBSTITUTION OF PETITIONING CREDITOR** on the interested party(s) in this action, as follows:

## SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 19, 2009, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

*Pamela Davis*
Pamela Davis

SM01DOCS731918.1        4

NOTICE OF SUBSTITUTION OF PETITIONING CREDITOR

## SERVICE LIST

| **Debtor** | **Counsel for Debtor** |
|---|---|
| Lawrence Eugene Redman | Richard Pachulski |
| Joy Ann Redman | Pachulski Stang Ziehl & Jones LLP |
| 269 Argonne Ave. | 10100 Santa Monica Blvd., Suite 1100 |
| Long Beach, CA 90803 | Los Angeles, CA 90067-4003 |

**Joint Debtor**
Joy Ann Redman
269 Argonne Ave.
Long Beach, CA 90803

| **Counsel for United States Trustee** | **Petitioning Creditors** |
|---|---|
| Ron Maroko | |
| 725 S. Figueroa St., Suite 2600 | **Counsel for Integrated Financial** |
| Los Angeles, CA 90017 | **Associates, Inc.; Beaumont Partners LP, a** |
| | **Nevada LP; and Marcie Signorelli** |
| | David B. Golubchik |
| | Levene Neale Bender Rankin & Brill LLP |
| | 10250 Constellation Blvd., Suite 1700 |
| | Los Angeles, CA 90067 |

## REQUEST FOR SPECIAL NOTICE

| **Counsel for PFF Bank & Trust** | **Counsel for** |
|---|---|
| Randye B. Soref | **Wells Fargo Bank, National Association** |
| J. Alexandra Rhim | Marc Andrews |
| Buchalter Nemer | Office of the General Counsel |
| 1000 Wilshire Blvd., Suite 1500 | Wells Fargo & Company |
| Los Angeles, CA 90017-1730 | 21680 Gateway Center Dr., Suite 280 |
| | Diamond Bar, CA 91765-2456 |

| **Counsel for IMH Secured Loan Fund** | **Counsel for IMH Secured Loan Fund** |
|---|---|
| Lawrence J. Hilton | Alisa C. Lacey |
| Hewitt & O'Neil, LLP | Stinson Morrison Hecker LLP |
| 19900 MacArthur Blvd., Suite 1050 | 1850 North Central Avenue, Suite 2100 |
| Irvine, CA 92612 | Phoenix, AZ 85004-4584 |

| **Counsel for IndyMacFederal Bank FSB** | **Counsel for First Bank** |
|---|---|
| McCarthy Holthu | Steve Casselberry |
| 1770 Fourth Ave. | Michelman & Robinsons, LLP |
| San Diego, CA 92101-2607 | 4 Hutton Centre, Suite 300 |
| | Santa Ana, CA 92707 |

**GE Money Bank**
Ramesh Singh, Financial Controller
c/o Recovery Management Systems Corp.
25 S.E. Ave., Suite 1120
Miami, FL 33131-1605

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS731918.1

5

NOTICE OF SUBSTITUTION OF
PETITIONING CREDITOR

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS731918.1          6

NOTICE OF SUBSTITUTION OF
PETITIONING CREDITOR