1  Stanley E. Goldich (CA Bar No. 92659)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California  90067-4100
3  Telephone: 310/277-6910
   Facsimile:  310/201-0760
4  Email:  sgoldich@pszjlaw.com

5  Attorneys for Larry and Joy Redman,
   Alleged Debtors

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re:                              Case No.: 2:08-bk-21925-ER

12  Redman, Lawrence Eugene and Redman, Joy Ann,    Chapter 11

13          Alleged Debtors            **DECLARATION OF STANLEY E.**
                                       **GOLDICH IN SUPPORT OF**
14                                     **OPPOSITION OF LARRY AND JOY**
                                       **REDMAN TO FB HOLDINGS, LLC'S**
15                                     **MOTION TO DISMISS**
                                       **INVOLUNTARY CASE PURSUANT**
16                                     **TO §§ 303 AND 305**

17                                     Date:      June 24, 2009
                                       Time:      11:00 a.m.
18                                     Place:     Courtroom 1568
                                                  255 East Temple Street
19                                                Los Angeles, CA  90012
                                       Judge:     Honorable Ernest M. Robles
20

21

22          I, Stanley E. Goldich, do declare and state as follows:

23          1.      I am a member of the State Bar of California.  I am a partner in the law firm of

24  Pachulski Stang Ziehl & Jones, LLP ("PSZJ" or the "Firm") and one of the principal attorneys

25  responsible for representing Lawrence E. Redman ("Mr. Redman" or "Redman") and his wife

26  (collectively, the "Redmans") in the herein Involuntary Case and workout negotiations with lender

27  entities with respect to the Lender Guarantees defined below .  I was also one of the attorneys at

28  PSZJ previously responsible for representing Redman and Richard Ashby ("Ashby"), and certain

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

home building real estate entities in which they were principals. Those entities included, *inter alia*,

Fiesta Development, Inc. ("Fiesta"), R& R Land Investors, LLC, Ten Ninety, Ltd., and Fiesta Terra

Vista Development, LLC, and Fiesta Terra Development II, LLC (collectively, with Ashby Financial

Company, Inc. the "Borrower Entities"). The development activities and projects of the Borrower

Entities are located in California in Orange, San Bernardino and Riverside Counties. The matters

stated herein are within my personal knowledge except where stated on information and belief, and,

if called as a witness, I would testify thereto.

2.    On August 20, 2007 Compass FP Corp. ("Compass") filed a Complaint for Breach of

Guaranty against Ashby and Redman in the Superior Court, County of Orange, Case No.

07CC09105 involving an alleged outstanding indebtedness of $8,882,819.00 as of June 1, 2007.

3.    On September 12, 2007, Compass filed a Complaint for Breach of Guarantee Re:

Fiesta Development Loan against Ashby and Redman in the Superior Court of California, County of

Orange, Case No. 07CC09823 involving an alleged outstanding indebtedness of $7,272,663.72 as of

August 1, 2007.

4.    On January 11, 2008, PFF Bank & Trust ("PFF") filed a state court action in the City

of Riverside, titled <u>PFF Bank & Trust v. Fiesta Development, Inc., et al.</u>, Case No. RIC489557. (the

"PFF State Court Action") relating to a $2 million line of credit of PFF to Fiesta guaranteed by

Mr. Ashby and Mr. Redman. On April 29 the state court granted PFF writs of attachment and on

May 6 PFF recorded a lien in the County of Los Angeles against the Redmans' Long Beach

residence.

5.    On April 1, 2008, IndyMac Bank F.S. B. ("IndyMac Bank") filed a Verified

Complaint for Damages for Breach of Guaranties against Ashby and Redman in the Superior Court,

County of Los Angeles, Northeast District, Case No. GCO40585 relating to enforcement of

guarantees of Ashby and Redman on  3 loans to certain of the Borrower Entities involving total

alleged outstanding loan obligations of approximately $34.65 million as of March 20, 2008. On

May 7, 2008, IndyMac Bank commenced a second state court action in Los Angeles Superior Court,

Northeast District, Case No. GC0400782, seeking a writ of possession for certain stock pledged as

collateral for the subject loans.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6.      PSZJ represented Redman, Ashby, Fiesta and other real estate entities of Redman and Ashby in various negotiations and litigation matters including those described above.  However in approximately April 2008, PSZJ withdrew from representing Ashby in workout negotiations and during the next several months also formally withdrew from representing Ashby, Fiesta and other real estate entities of Redman and Ashby, including in the pending actions of PFF, Compass, and IndyMac Bank.

7.      Beginning in April, 2008, Redman began compiling updated and detailed financial information for global workout negotiations for he and his wife and with respect to their obligations under the Guaranteed Loans (the "Redman Guaranties").  During the period the Redmans' financial information was being prepared for workout negotiations, there were settlement discussions between Redman and PFF with respect to the guarantee claims asserted by PFF against Mr. Redman.  These included PFF's writ of attachment against the Redman's Long Beach residence with respect to a $2 million line of credit and two other loans of PFF totaling approximately $16 million also guaranteed by Mr. Redman and the Redmans' living trust.  The total estimated deficiency claim of the 3 loans was in excess of $10 million at that time.

8.      Beginning in early June, 2008, following preparation of complete draft Statements and Schedules and a Liquidation Analysis as of May 31, 2008, Mr. Redman and my Firm initiated global out of court workout negotiations with a number of lenders relating to the Guaranteed Loans and the Redman Guaranties, including First Bank, the predecessor to FB Holdings.  Copies of the draft Statements and Schedules and Liquidation Analysis as of May 31, 2008 were provided in conjunction with discussions and negotiations subject to Confidentiality Agreements.  The estimated Guaranteed Loans totaled approximately $160 million with estimated deficiency claims in excess of $115 million as a result of precipitous declines in the value of the real estate securing the loans.

9.      The stated goals of the global workout negotiations set forth in letters to the lenders concerning the Redman Guaranties were (i) to avoid costly and potentially needless litigation and collection efforts which will deplete available assets and ultimate recoveries, (ii) to provide each lender with a greater recovery or overall benefit than would be obtained in the event of a chapter 11 filing of Mr. Redman, and (iii) to enable Mr. Redman, who is elderly and has no material source of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

income other than his real estate related interests and social security payments, to retain some of his non-exempt assets for the support of himself and his family.  At the time Mr. Redman began workout negotiations only 3 of the lenders, Compass, PFF and IndyMac had commenced actions against Mr. Redman on Redman Guaranties.

10.    In early June 2008, it appeared a tentative settlement of all of the guarantee claims of PFF had been reached between Redman and PFF[1], however the deal fell apart following a proposed purchase of PFF by FBOP at the time senior management and/or loan committee approval of PFF was being sought.

11.    On July 9, 2008, Mr. Redman finalized a settlement with Integrated Financial Associates, Inc. ("IFA") (the "IFA Settlement") relating to IFA's guarantee claim against Mr. Redman involving a loan in the approximate amount of $11.7 million as of July 2, 2008 and a deficiency claim of $9.7 million based on IFA's foreclosure on the real property collateral with a credit bid of $2 million.  Under the terms of the IFA Settlement, payment of the settlement amount was not due until 120 days after mutual execution and the Settlement Agreement and Release, and was subject to reinstatement if within 90 days following payment a bankruptcy proceeding was initiated and an action was filed against IFA to compel return or disgorgement of any material portion of the settlement payment.

12.    Due to unsuccessful efforts to reach a settlement with PFF or obtain a tolling of the attachment, PSZJ discussed or raised with a number of lenders, including IFA and counsel for Compass, IMH and First Private Bank, filing of an Involuntary Petition to prevent the PFF lien from perfecting and providing additional time for workout negotiations.[2]  During the course of settlement discussions in June and July 2008, counsel for Compass had expressed concerns a number of times about the PFF attachment and what Mr. Redman was doing to prevent it from perfecting and permitting PFF a disproportionate advantage over Compass and other lender also asserting Guarantee Claims.

---

[1]  Specifically, counsel for Mr. Redman confirmed agreement to a settlement amount that counsel for PFF indicated would be acceptable, but needed approval by senior management.

[2]  Due to conflict issues arising with counsel for IndyMac Bank after the FDIC takeover, PSZJ did not discuss filing of an involuntary bankruptcy with counsel for IndyMac, however, shortly before or the time the Involuntary Case was commenced, the IndyMac loan officer communicated that he would have requested authorization for IndyMac Bank to be a petitioning creditor if there had been adequate advance notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13.    On August 4, 2008, Petitioners Beaumont Partners, the authorized representative of IFA, Compass and Marcie Signorelli, an employee of Mr. Redman (collectively, the "Petitioners") filed the Involuntary Case

14.    On August 22, 2008 the Redmans and Petitioners filed the Stipulation with the Court seeking an extension of time for the Redmans to answer the Involuntary Petition and a stay of adjudication of the Involuntary Cases.  On August 29, 2009 this Court entered an Order approving the Stipulation.

15.    On December 16, 2008, the Redmans filed a Status Report Regarding Workout Negotiations (the "First Status Report") setting forth the status of settlements and workout negotiations with respect to the Redman Guaranties.  A true and correct copy of the First Status Report is attached as **Exhibit A** to the Opposition being filed concurrently herewith.

16.    On December 18, 2008 this Court held a status hearing on the Involuntary and set a continued status hearing on May 21, 2009 and required the Redmans' filing of a further status report on May 8, 2009.

17.    During the next 6 months between December 18, 2008 and May 8, 2009, the Redmans and PSZJ continued to actively pursue settlements and resolution of the Redman Guaranties and no lenders expressed any concerns regarding ongoing efforts of the Redmans to consensually settle the Redman Guarantees or with the continuation of the Involuntary Case.

18.    On February 13, 2009, per a recent request for additional information by counsel for First Bank/FB Holdings, PSZJ provided information and documents relating to finalized settlements with other lenders and an updated Deficiency Analysis.  PSZJ also presented a revised settlement proposal of the Redmans to First Bank.  No response to the settlement proposal was ever received other than a February 28, 2009 email from counsel for First Bank/FB Holdings that he had not heard back from the bank, but would check early the next week.  There was never any further communication from counsel for First Bank/FB Holdings despite repeated follow-up inquiries by counsel for Redman.

19.    On May 8, 2009, the Redmans filed a further Status Report Regarding Workout Negotiations and Request for Setting of a Further Status Conference Hearing (the "Second Status

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Report"), setting forth a further update regarding settlements and workout negotiations with respect to the Redman Guaranties and requesting scheduling of a further status conference. A true and correct copy of the Second Status Report is attached as **Exhibit B** to the Opposition being filed concurrently herewith.

20.    On May 8, 2009, FB Holdings filed a Unilateral Status Report alleging that the a state court action filed by FB Holdings in September 2008 "is stayed as a result of this bankruptcy case." For over the past nine months, FB Holdings never previously raised the contention that the Involuntary was preventing it from seeking relief in its pending state court action and in fact the Involuntary Case does not stay the FB Holdings state court action which was filed after the Involuntary and is against other parties and pursuing relief against other guarantors. In addition, for the past four months, FB Holdings has failed to respond to a settlement proposal of the Redmans made on February 13 in conjunction with provision of additional information requested by counsel for FB Holdings concerning other settlements and counsel for FB Holdings has not even responded to emails or returned numerous phone calls.[3]

21.    On or about May 15, 2009, FB Holdings filed its Motion to Dismiss.

22.    On May 18, 2009, the Redmans filed a Declaration of Daniel Limon Re Guaranty and Deficiency Claims in Support of Request for Further Status Conference Hearing ("the Limon Declaration") attaching as an Exhibit a schedule of the Guaranteed Loans and estimated deficiency claims with respect to the Redman Guaranties as of December 31, 2008. A true and correct copy of the Limon Declaration is attached as **Exhibit C** to the Opposition being filed concurrently herewith.

23.    The Court held a continued Status Conference Hearing in the Involuntary Case on May 21, 2009. The Redmans and all of the parties appearing in Court and on the phone agreed to the Court's tentative ruling further continuing the Status Conference Hearing to July 16, 2009. Subsequent to the May 21 Status Conference Hearing the Redmans had further settlement meetings with Silar, IndyMac Ventures and IMH. The discussions and negotiations with IndyMac Ventures and Silar are ongoing.

24.    On June 2, 2009, a settlement (the "PFF Settlement") between the Redmans and U.S.

---

[3]  Counsel for FB Holdings has never been available to take many phone calls of counsel for the Redmans during this period.

Bank, the successor to PFF, was finalized.  The Redmans' payment to PFF under the PFF Settlement

is due the earlier of 6 months or the time of the sale of the Redmans' ranch, subject to a modified

timeframe and U.S. Bank's agreement to support a chapter 11 plan which provides for payment of

the settlement amount in the event an order for relief is entered in the Involuntary Case prior to the

payment date  The PFF attachment will not be resolved until payment of the settlement amount to

U.S. Bank and in the event the Involuntary Case is dismissed and the settlement payment has not

been made U.S. Bank required a right to void the settlement.

25.    On June 8, 2009, the Redmans and IMH agreed to a settlement of IMH's guarantee

claims against the Redmans which is in the process of being documented.  With the IMH settlement,

the Redmans will have settled with five lender parties since the Involuntary Case, subject to payment

of settlement amounts over time due under the Diversified, U.S. Bank and IMH settlements and

clawback/reinstatement rights if settlement payments made are avoided (or in the case of U.S Bank

if the Involuntary Case is dismissed).  Including the prior settlement with IFA, the guarantee claims

which have been settled involve estimated deficiency claims in excess of $60 million.

26.    Despite substantial hurdles summarized in the Stipulation and Status Reports filed

with this Court -- including FDIC takeovers of banks, sales of banks and loans to new entities during

the course of negotiations and District Court litigation of Compass and its putative successor Silar

Advisors with direct lenders -- the Redmans have in fact succeeded in making substantial progress to

resolve the lender guarantee claims since the Involuntary Cases were commenced.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 10, 2009, at Los Angeles, California.

*/s/ Stanley E. Goldich*
Stanley E. Goldich

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 2:08-21925-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA  90067**

The foregoing document described ***DECLARATION OF STANLEY E. GOLDICH IN SUPPORT OF OPPOSITION OF LARRY AND JOY REDMAN TO FB HOLDINGS, LLC'S MOTION TO DISMISS INVOLUNTARY CASE PURSUANT TO §§ 303 AND 305*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 10, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **June 10, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge __will be__ completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 10, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge __will be__ completed no later than 24 hours after the document is filed.*

Hand Delivery
Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2009 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
73571-001\DOCS_LA:203510.1

**F 9013-3.1**

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 2:08-21925-ER |
|---|---|

**2:08-bk-21925-ER Notice will be electronically mailed to:**

Marc Andrews on behalf of Creditor Wells Fargo Bank, National Association
sandra.g.mcmasters@wellsfargo.com

Stanley E Goldich on behalf of Debtor Lawrence Redman
sgoldich@pszjlaw.com

David B Golubchik on behalf of Petitioning Creditor Integrated Financial Associates Inc
dbg@lnbrb.com

Sheri Kanesaka on behalf of Creditor First Bank
skanesaka@mrllp.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Leonard M Shulman on behalf of Interested Party Courtesy NEF
lshulman@shbllp.com

Randye B. Soref on behalf of Creditor PFF BANK & TRUST
rsoref@buchalter.com, IFS_filing@buchalter.com

Derrick Talerico on behalf of Creditor Diversified Pacific Opportunity Fund I, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

David J Williams on behalf of Creditor First Bank
dwilliams@mrllp.com

Katherine M Windler on behalf of Creditor Asset Resolution, LLC
katherine.windler@bryancave.com

**Notice will be emailed to**:

Steven Casselberry, Esq.
*Email:  scasselberry@mrllp.com*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
73571-001\DOCS_LA:203510.1

**F 9013-3.1**

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER: 2:08-21925-ER |
| --- | --- |

**Notice will be mailed to**:

**U.S. Trustee**
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

**Counsel to Petitioners Beaumont Partners,
L.P., a Nevada L.P.; Compass FP Corp.,a**
Delaware corporation; and Marcella Signorelli, an
individual
David B. Golubchick, Esq.
Levene, Neale, Bender, Rankin & Brill
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Counsel to Petitioner Compass FP Corp., a
Delaware corporation
Ori Katz
Steven Winick
Sheppard Mullin Richter & Hampton
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

**Request for Special Notice**

Counsel to US Bank – Special Assets
Randye B. Soref, Esq.
J. Alexandra Rhim, Esq.
Buchalter Nemer, a PC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

Counsel for IndyMac Venture LLC
David R. Krause-Leemon, Esq.
John A. Moe, II, Esq.
Luce, Forward, Hamilton & Scripps LLP
601 S. Figueroa, Suite 3900
Los Angeles, CA 90017

Counsel to First Bank
Steven Casselberry, Esq.
David J. Williams, Esq.
Michelman & Robinson, LLP
4 Hutton Centre Suite 300
Santa Ana, CA 92707

Counsel for IMH Secured Loan Fund
Alisa C. Lacey, Esq.
Stinson Morrison Hecker LLP
1850 N. Central Ave., Ste. 2100
Phoenix, AZ 85004-4584

Counsel for Silar Advisors
Katherine M. Windler
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

Counsel to Wells Fargo Bank
Marc Andrews
Office of the General Counsel
Wells Fargo & Co.
21680 Gateway Center Drive, Suite 280
Diamond Bar, CA 91765-2435
(WFB 173122064-6171/SM)

Counsel for Diversified Pacific Opportunity Fund
Lance N. Jurich, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067-4120

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
73571-001\DOCS_LA:203510.1

**F 9013-3.1**