Stanley E. Goldich (CA Bar No. 92659)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: sgoldich@pszjlaw.com

Attorneys for Larry and Joy Redman,
Alleged Debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:08-bk-21925-ER |
| Redman, Lawrence Eugene and Redman, Joy Ann, | Chapter 11 |
| Alleged Debtors | **DECLARATION OF LARRY E. REDMAN IN SUPPORT OF LARRY AND JOY REDMAN OPPOSITION TO FB HOLDINGS, LLC'S MOTION TO DISMISS INVOLUNTARY CASE PURSUANT TO §§ 303 AND 305** |
| | Date: June 24, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 1568<br>255 East Temple Street<br>Los Angeles, CA 90012<br>Judge: Honorable Ernest M. Robles |

I, Lawrence E. Redman, do declare and state as follows:

1.  I am one of the Alleged Debtors in the within involuntary Chapter 11 proceeding. I submit this Declaration in opposition to FB Holdings, LLC's Motion To Dismiss Involuntary Case Pursuant To §§ 303 And 305. Except as indicated, the matters stated herein are within my personal knowledge and, if called as a witness, I could and would testify thereto.

2.  For over the past 30 years, I and my business colleague, Richard Ashby ("Ashby" or "Mr. Ashby"), have operated and been principals of home building real estate entities, including, *inter alia*, Fiesta Development, Inc. ("Fiesta"), R& R Land Investors, LLC, Ten Ninety, Ltd., Fiesta

73571-001\DOCS_LA:203455.3

Terra Vista Development, LLC, and Fiesta Terra Development II, LLC (collectively, with Ashby Financial Company, Inc., the "Borrower Entities"). Mr. Ashby is a principal of certain other home building real estate entities, including Ashby Financial Company, Inc. ("AFC") which I do not own or operate. The development activities and projects of the Borrower Entities are located in California in Orange, San Bernardino and Riverside Counties.

3. Mr. Ashby and I, and in some cases our wives, or our living trusts, guaranteed a number of the loans of the Borrower Entities (the "Guaranteed Loans").[1]

4. As with homebuilders throughout the United States, the real estate assets of Mr. Ashby's and my homebuilding entities began to decline precipitously in 2007.

5. Beginning in early 2008 it was becoming increasingly apparent to me that the real estate assets securing the loans of the Borrower Entities were worth far less than the loan amounts due and that my guarantee exposure far exceeded my ability to pay amounts allegedly owed.

6. Between August, 2007 and April, 2008 a number of the lenders on the loans to the Borrower Entities filed actions on Mr. Ashby and my guarantees of those loans in the Superior Court for the State of California, including the following:: (a) On August 20, 2007 Compass FP Corp. ("Compass") filed a Complaint for Breach of Guaranty against Ashby and me in the Superior Court, County of Orange, Case No. 07CC09105 involving an alleged outstanding indebtedness of $8,882,819.00 as of June 1, 2007; (b) on September 12, 2007, Compass filed a Complaint for Breach of Guarantee Re: Fiesta Development Loan against Ashby and me in the Superior Court of California, County of Orange, Case No. 07CC09823 involving an alleged outstanding indebtedness of $7,272,663.72 as of August 1, 2007; (c) on January 11, 2008, PFF Bank & Trust ("PFF") filed a state court action in the City of Riverside, titled PFF Bank & Trust v. Fiesta Development, Inc., et al., Case No. RIC489557. (the "PFF State Court Action") relating to a $2 million line of credit of PFF to Fiesta guaranteed by Ashby and me; (d) on or about April 29 the state court granted PFF writs of attachment and on May 6 PFF recorded a lien in the County of Los Angeles against my Long Beach residence; (e) on April 1, 2008, IndyMac Bank F.S.B. ("IndyMac Bank") filed a

---

[1] The Guaranteed Loans and the estimated deficiency amounts of the Guaranteed Loans as of December 31, 2008 totaling in excess of $128 million are set forth on Exhibit 1 to the Declaration of Daniel Limon filed in the herein Involuntary Case on May 18, 2009.

Verified Complaint for Damages for Breach of Guaranties against Ashby and Redman in the Superior Court, County of Los Angeles, Northeast District, Case No. GCO40585 relating to enforcement of guarantees of Ashby and me on 3 loans to certain of the Borrower Entities involving total alleged outstanding loan obligations of approximately $34.65 million as of March 20, 2008; and (f) on May 7, 2008, IndyMac Bank commenced a second state court action in Los Angeles Superior Court, Northeast District, Case No. GC0400782, seeking a writ of possession for stock pledged as collateral for the subject loans.

7.  Beginning in April, 2008, I began compiling updated and detailed financial information for global workout negotiations for my wife and me with respect to our obligations under the Guaranteed Loans (the "Redman Guaranties").

8.  During the period my financial information was being prepared for workout negotiations, there were settlement discussions between PSZJ, myself and PFF and its counsel with respect to the guarantee claims asserted by PFF against me. These included PFF's writ of attachment against my Long Beach residence with respect to a $2 million line of credit and two other loans of PFF totaling approximately $16 million also guaranteed by me and by my wife's and my living trust. The total estimated deficiency claim of the 3 loans was in excess of $10 million at that time.

9.  Beginning in early June, 2008, following preparation of complete draft Statements and Schedules and a Liquidation Analysis as of May 31, 2008, my attorneys, PSZJ, and I initiated global out of court workout negotiations with a number of lenders relating to the Guaranteed Loans and the Redman Guaranties, including First Bank and its predecessor FB Holdings. Copies of the draft Statements and Schedules and Liquidation Analysis as of May 31, 2008 were provided in conjunction with discussions and negotiations subject to Confidentiality Agreements. The estimated Guaranteed Loans totaled approximately $160 million with estimated deficiency claims in excess of $115 million as a result of precipitous declines in the value of the real estate securing the loans.

10. The stated goals of the global workout negotiations set forth in letters to lenders concerning the Redman Guaranties were (i) to avoid costly and potentially needless litigation and collection efforts which would deplete available assets and ultimate recoveries, (ii) to provide each

lender with a greater recovery or overall benefit than would be obtained in the event of a chapter 11 filing by my wife and I, and (iii) to enable my wife and I to retain some of our non-exempt assets for the support of ourselves and our family. At the time I began workout negotiations only three of the lenders, Compass, PFF and IndyMac had commenced actions against me on guarantee claims. My wife and I have no material source of income other than my real estate related interests and social security payments.

11. In early June 2008, it appeared a tentative settlement of all of the guarantee claims of PFF had been reached between PFF[2] and me, however the deal fell apart following a proposed purchase of PFF by FBOP Corp. at the time senior management and/or loan committee approval of PFF was being sought.

12. On July 9, 2008, my attorneys and I finalized a settlement ("IFA Settlement") with Integrated Financial Associates, Inc. ("IFA") relating to IFA's guarantee claim against me involving a loan in the approximate amount of $11.7 million as of July 2, 2008 and a deficiency claim of $9.7 million based on IFA's July 2 foreclosure on the real property collateral with a credit bid of $2 million. Under the terms of the IFA Settlement, payment of the settlement amount was not due until 120 days after mutual execution and the Settlement Agreement and Release was subject to reinstatement if within 90 days following payment a bankruptcy proceeding was initiated and an action was filed against IFA to compel return or disgorgement of any material portion of the settlement payment.

13. On August 4, 2008, Petitioners Beaumont Partners, as the representative of IFA, Compass and Marcie Signorelli, an employee of mine (collectively, the "Petitioners") filed the Involuntary Case.

14. During the 6 months between December 18, 2008 and May 8, 2009, with my attorneys, I continued to actively pursue settlements and resolution of the Redman Guaranties and no lenders expressed any concerns regarding our ongoing efforts to consensually settle the Redman Guarantees or with the continuation of the Involuntary Case.

15. On June 2, 2009, a settlement (the "PFF Settlement") between the Redmans and U.S.

---

[2] Specifically, my counsel confirmed agreement to a settlement amount that counsel for PFF indicated would be acceptable, but needed approval by senior management.

1  Bank, the successor to PFF, was finalized. The Redmans' payment to U.S. Bank under the PFF
2  Settlement is due the earlier of 6 months or the time of the sale of the Redmans' ranch, subject to a
3  modified timeframe and U.S. Bank's agreement to support a chapter 11 plan which provides for
4  payment of the settlement amount in the event an order for relief is entered in the Involuntary Case
5  prior to the payment date The PFF attachment will not be resolved until payment of the settlement
6  amount to U.S. Bank and in the event the Involuntary Case is dismissed and the settlement payment
7  has not been made U.S. Bank required a right to void the settlement.

8     16.   On June 8, 2009, IMH and I agreed to a settlement of IMH's guarantee claims against
9  me which is in the process of being documented. With the IMH settlement, my wife and I will have
10 settled with five lender parties since the Involuntary Case, subject to payment of settlement amounts
11 over time due under the Diversified, U.S. Bank and IMH settlements and clawback/reinstatement
12 rights if settlement payments made are avoided (or in the case of U.S. Bank if the Involuntary Case
13 is dismissed). Including the prior settlement with IFA, the guarantee claims which have been settled
14 involve estimated deficiency claims in excess of $60 million.

15    17.   Despite substantial hurdles summarized in the Stipulation and Status Reports filed
16 with this Court -- including FDIC takeovers of banks, sales of banks and loans to new entities during
17 the course of negotiations and District Court litigation of Compass and its putative successor Silar
18 Advisors with direct lenders – my wife and I have in fact succeeded in making substantial progress
19 to resolve the lender guarantee claims since the Involuntary Cases were commenced.

20    I declare under penalty of perjury that the foregoing is true and correct.
21    Executed on June 10, 2009, at _Long Beach_, California.

                                                    _/s/ Lawrence E. Redman_
                                                    Lawrence E. Redman

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-21925-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

The foregoing document described ***DECLARATION OF LARRY E. REDMAN IN SUPPORT OF LARRY AND JOY REDMAN OPPOSITION TO FB HOLDINGS, LLC'S MOTION TO DISMISS INVOLUNTARY CASE PURSUANT TO §§ 303 AND 305*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 10, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **June 10, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 10, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Hand Delivery
Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2009 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
73571-001\DOCS_LA:203510.1

**F 9013-3.1**

| In re: | | CHAPTER 11 |
|---|---|---|
| Redman, Lawrence Eugene and Redman, Joy Ann, | Debtor(s). | CASE NUMBER: 2:08-21925-ER |

**2:08-bk-21925-ER Notice will be electronically mailed to:**

Marc Andrews on behalf of Creditor Wells Fargo Bank, National Association
sandra.g.mcmasters@wellsfargo.com

Stanley E Goldich on behalf of Debtor Lawrence Redman
sgoldich@pszjlaw.com

David B Golubchik on behalf of Petitioning Creditor Integrated Financial Associates Inc
dbg@lnbrb.com

Sheri Kanesaka on behalf of Creditor First Bank
skanesaka@mrllp.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Leonard M Shulman on behalf of Interested Party Courtesy NEF
lshulman@shbllp.com

Randye B. Soref on behalf of Creditor PFF BANK & TRUST
rsoref@buchalter.com, IFS_filing@buchalter.com

Derrick Talerico on behalf of Creditor Diversified Pacific Opportunity Fund I, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

David J Williams on behalf of Creditor First Bank
dwilliams@mrllp.com

Katherine M Windler on behalf of Creditor Asset Resolution, LLC
katherine.windler@bryancave.com

**Notice will be emailed to**:

Steven Casselberry, Esq.
*Email: scasselberry@mrllp.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                       **F 9013-3.1**
73571-001\DOCS_LA:203510.1

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 2:08-21925-ER |
|---|---|

**Notice will be mailed to**:

**U.S. Trustee**
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

**Counsel to Petitioners Beaumont Partners, L.P., a Nevada L.P.; Compass FP Corp.,a Delaware corporation; and Marcella Signorelli, an individual**
David B. Golubchick, Esq.
Levene, Neale, Bender, Rankin & Brill
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Counsel to Petitioner Compass FP Corp., a Delaware corporation
Ori Katz
Steven Winick
Sheppard Mullin Richter & Hampton
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

**Request for Special Notice**

Counsel to US Bank – Special Assets
Randye B. Soref, Esq.
J. Alexandra Rhim, Esq.
Buchalter Nemer, a PC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

Counsel for IndyMac Venture LLC
David R. Krause-Leemon, Esq.
John A. Moe, II, Esq.
Luce, Forward, Hamilton & Scripps LLP
601 S. Figueroa, Suite 3900
Los Angeles, CA 90017

Counsel to First Bank
Steven Casselberry, Esq.
David J. Williams, Esq.
Michelman & Robinson, LLP
4 Hutton Centre Suite 300
Santa Ana, CA 92707

Counsel for IMH Secured Loan Fund
Alisa C. Lacey, Esq.
Stinson Morrison Hecker LLP
1850 N. Central Ave., Ste. 2100
Phoenix, AZ 85004-4584

Counsel for Silar Advisors
Katherine M. Windler
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

Counsel to Wells Fargo Bank
Marc Andrews
Office of the General Counsel
Wells Fargo & Co.
21680 Gateway Center Drive, Suite 280
Diamond Bar, CA 91765-2435
(WFB 173122064-6171/SM)

Counsel for Diversified Pacific Opportunity Fund
Lance N. Jurich, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067-4120

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
73571-001\DOCS_LA:203510.1

**F 9013-3.1**