1  Steven Casselberry, Esq. (SBN# 74234)
   Sheri Kanesaka, Esq. (SBN# 240053)
2  MICHELMAN & ROBINSON, LLP
   4 Hutton Centre, Suite 300
3  Santa Ana, California 92707

4  714-557-7990 Telephone
   714-557-7991 Facsimile
5  Email:  scasselberry@mrllp.com
   Email:  skanesaka@mrllp.com
6
   Attorneys for Movant and Creditor,
7  FB HOLDINGS, LLC

8           UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10              LOS ANGELES DIVISION

11
   In re REDMAN, Lawrence Eugene    | Case No.: 2:08-21925 ER
12                                    |
   and Joy Ann,                      | Chapter 11
13                                    |
            Alleged Debtors.         | **FB HOLDINGS, LLC'S REPLY TO THE**
14                                    | **DEBTORS' AND PETITIONING**
                                      | **CREDITORS' OPPOSITION TO MOTION**
15                                    | **TO DISMISS INVOLUNTARY CASE**
                                      | **PURSUANT TO §§ 303 and 305**
16                                    |
17                                    | Date:  June 24, 2009
                                      | Time:  11:00 a.m.
18                                    | Place: Courtroom 1568, 15th Fl.
                                      |        255 E. Temple Street
19                                    |        Los Angeles, CA 90012
20                                    | [*Declaration of J. Thomas*
                                      | *Meadows filed concurrently*
21                                    | *herewith*]
22                                    | Judge Ernest M. Robles

23  **TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY**

24  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL ATTORNEYS OF**

25  **RECORD, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

26      FB Holdings, LLC ("FB Holdings") as the assignee of First

27  Bank hereby submits its Reply (the "Reply") to Lawrence Eugene

28  and Joy Ann Redman's (the "Redmans" or the alleged "Debtors")

MICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94034

FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE

1  Opposition (the "Debtors' Opposition"), and the Petitioning

2  Creditors' Response (the "Response," and together with the

3  Debtors' Opposition, the "Opposition") to FB Holdings' Motion to

4  Dismiss this Involuntary Bankruptcy Case (the "Motion to

5  Dismiss").

6      This Reply is supported by: (1) the following Points and

7  Authorities; (2) the Declaration of J. Thomas Meadows in Support

8  (the "Meadows Decl."); and (3) such further evidence and

9  argument as may be presented at or before the hearing on this

10  Motion to Dismiss.

11              **MEMORANDUM OF POINTS AND AUTHORITIES**

12                            **I.**

13                       **INTRODUCTION**

14      The Opposition supports FB Holdings' contention that the

15  Debtors and the Petitioning Creditors[1] colluded together to file

16  this Involuntary Case for the primary purpose of forcing

17  creditors to settle with the Debtors for less than what they

18  would receive under a plan of reorganization or liquidation.

19      On information and belief, the Debtors are still residing

20  in their multiple houses and living an extravagant lifestyle.

21  Allowing the Debtors to use the bankruptcy system with the

22  benefit of the automatic stay to force creditors to settle

23  without disclosing any required financial information is an

24  abuse of the bankruptcy process.  Therefore, FB Holdings

25  respectfully requests the Court to dismiss the Involuntary Case

26  or compel the Debtors to answer the involuntary petition.

27  _____

28  [1]  Capitalized terms used but not otherwise defined herein shall have the
meaning ascribed to them in the Motion to Dismiss.

MICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94034

**FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE**

**II.**

**STATUTORY INTERPRETATION OF § 303(J) PROVIDES THAT A NON-**

**PETITIONING CREDITOR HAS STANDING TO SEEK DISMISSAL**

It is not entirely clear whether a non-petitioning creditor may file a motion to dismiss pursuant to § 303(j)(3).  2-303 Collier on Bankr. § 303.34 (15th ed. rev. 2009).  However, a reading of § 303(j) supports a finding that any party in interest may move to dismiss a case pursuant to § 303(j)(3).  Id. ("It is unclear as to whom can move for dismissal under this section [303(j)(3)].  Given the language used, the movant is not restricted in the manner of sections 303(i)(1) and (2).").

Indeed, § 303(j) states:

> (j) Only after notice to all creditors and a hearing **may the court dismiss a petition** filed under this section--
>> (1) on the motion of a petitioner;
>> (2) on consent of all petitioners and the debtor; **or**
>> (3) for want of prosecution.

11 U.S.C. § 303 (emphasis added).

Where there is no ambiguity in the plain statutory language, the court may not disregard the plain language and must "'hold Congress to its words'".  Perlman v. Catapult Entertainment (In re Catapult Entertainment), 165 F.3d 747, 753 and 754 (9th Cir. 1998).  Even if § 303(j) can be construed as ambiguous, the legislative history of § 303(j) supports an interpretation that allows a non-petitioning creditor standing to move to dismiss an involuntary case.  See In re Taylor &

3

FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE

1   Assocs., L.P., 191 B.R. 374, 378 (Bankr. E.D. Tenn. 1996) ("The

2   purpose of § 303(j), as set forth in the legislative history,

3   'is to prevent collusive settlements among the debtor and the

4   petitioning creditors while other creditors, that wish to see

5   relief ordered with respect to the debtor but that did not

6   participate in the case, are left without sufficient

7   protection.'") (citation omitted).

8        Therefore, FB Holdings has standing to bring the Motion to

9   Dismiss pursuant to § 303(j)(3).

10                              III.

11   **THE OPPOSITION SUPPORTS FB HOLDINGS' CONTENTION THAT THIS**

12              **INVOLUNTARY CASE WAS FILED IN BAD FAITH**

13       The Debtors' and the Petitioning Creditors' Opposition

14   support FB Holdings' contention that they colluded together to

15   file the Involuntary Case for no legitimate bankruptcy purpose.

16   The Debtors admit:

17            The stated goals of the global workout
             negotiations set forth in letters to the
18            lenders concerning the Redman Guaranties
             were (i) to avoid costly and potentially
19            needless litigation and collection efforts
             which will deplete available assets and
20            ultimate recoveries, (ii) to provide each
             lender with a greater recovery or overall
21            benefit than would be obtained in the event
             of a chapter 11 filing of Mr. Redman, and
22            (iii) **to enable Mr. Redman, who is elderly
23            and has no material source of income other
             than his real estate related interests and
24            social security payments, to retain some of
             his non-exempt assets for the support of
25            himself and his family**.
26
27   (Debtors' Opposition, p. 6, emphasis added.)

28   / / /

MICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94034

FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE

1    In addition, the Debtors state that:

2         **Due to unsuccessful efforts to reach a
     settlement with PFF or obtain a tolling of**
3    **the attachment,** PSZJ [the Debtors' counsel]
     discussed or raised with a number of
4    lenders, **including IFA and counsel for**
     Compass, IMH and First Private Bank, **filing**
5    **of an Involuntary Petition to prevent the**
     **PFF lien from perfecting and providing**
6    **additional time for workout negotiations.**

7

8    (Id. at 7, emphasis added.)

9         Rather than file a voluntary bankruptcy case under Chapter

10   7 or 11 of the Bankruptcy Code to avoid PFF's attachment, the

11   Debtors instead asked the Petitioning Creditors to file an

12   involuntary action against them.  In addition, one of the

13   Debtors' goals in pursuing settlement with their creditors is to

14   retain some valuable, non-exempt assets.  Moreover, FB Holdings

15   believes that the Debtors and the Petitioning Creditors agreed

16   to extend the time by which the Debtors must file an objection

17   or answer to the involuntary petition in order to avoid the

18   disclosure requirements mandated by the Bankruptcy Code.  In

19   fact, on information and belief, the Debtors are still residing

20   in their multiple residences, including an expensive ranch in

21   Santa Barbara, and living an extravagant lifestyle.

22        To the extent the Debtors wanted to preserve a preference

23   action with regard to PFF's writ of attachment, the filing for

24   protection under the Bankruptcy Code serves a legitimate

25   bankruptcy purpose.  However, bankruptcy is not a forum for

26   forcing creditors into settlements and staying collection

27   actions while escaping the Bankruptcy Code requirements of

28   filing schedules, list of creditors, statement of financial

MICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94034

FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE

1  affairs, operating reports and a plan of reorganization that

2  proposes fair and equitable treatment to all creditors.

3       Therefore, the Involuntary Case was filed in bad faith and

4  bad faith will continue in these proceedings if the Debtors are

5  allowed to extend the time by which they must file an objection

6  or an answer to the involuntary petition while escaping

7  disclosure requirements of the Bankruptcy Code.

8                              IV.

9                          **CONCLUSION**

10      For each of the reasons set forth above, FB Holdings

11 respectfully requests that the Court enter an Order: (1)

12 Dismissing this Involuntary Case for Lack of Prosecution

13 Pursuant to § 303; (2) Dismissing this Involuntary Case for Bad

14 Faith; (3) Dismissing this Involuntary Case Pursuant to §

15 305(a); (4) In the alternative, requiring the Debtors to file an

16 answer or objection; and (5) Granting such further and other

17 relief as is just and equitable under the circumstances.

18                              Steven Casselberry, Esq.
                               Sheri Kanesaka, Esq.
19                             MICHELMAN & ROBINSON, LLP

20

21 Dated:   June 17, 2009         By:   /s/ Sheri Kanesaka
                                      Sheri Kanesaka, Esq., Attorneys
22                                    for FB Holdings, LLC

23

24

25

26

27

28

MICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94034

FB HOLDINGS LLC'S REPLY TO THE DEBTORS' OPPOSITION TO ITS MOTION TO DISMISS THE
INVOLUNTARY CASE

1  Steven Casselberry, Esq. (SBN# 74234)
   Sheri Kanesaka, Esq. (SBN# 240053)
2  MICHELMAN & ROBINSON, LLP
   4 Hutton Centre, Suite 300
3  Santa Ana, California 92707

4  714-557-7990 Telephone
   714-557-7991 Facsimile
5  Email:  scasselberry@mrllp.com
   Email:  skanesaka@mrllp.com
6
   Attorneys for Creditor,
7  FB HOLDINGS, LLC

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11
   In re REDMAN, Lawrence Eugene        Case No.: 2:08-21925 ER
12
   and Joy Ann,                         Chapter 11
13
                Alleged Debtors.        **DECLARATION OF J. THOMAS**
14                                       **MEADOWS IN SUPPORT OF FB**
                                         **HOLDINGS, LLC'S REPLY TO**
15                                       **DEBTORS' OPPOSITION TO MOTION**
                                         **TO DISMISS**
16
                                         Date:  June 24, 2009
17                                       Time:  11:00 a.m.
                                         Place: Courtroom 1568, 15th Fl.
18                                              255 E. Temple Street
                                                Los Angeles, CA 90012
19
20
                                         Judge Ernest M. Robles
21
22       I, J. THOMAS MEADOWS, declare as follows:

23       1.   I am a Special Assets Officer employed by First Bank,

24  which is the authorized agent for FB Holdings, LLC ("FB

25  Holdings"), a Creditor in the instant involuntary bankruptcy

26  case of alleged debtors Lawrence Eugene Redman and Joy Ann

27  Redman (together, the "Redmans" or the alleged "Debtors").

28  / / /

                                    1

**DECLARATION OF J. THOMAS MEADOWS IN SUPPORT OF REPLY TO DEBTORS' OPPOSITION TO
MOTION TO DISMISS**

1      2.     I am the Custodian of Records for FB Holdings' with

2  regard to the records and files relevant to the Loan and Note[1] to

3  Fiesta Terra Vista Development II, LLC ("Fiesta II"), which was

4  guaranteed by the Debtors.  I have personally worked on FB

5  Holdings' files and related documents in connection with this

6  Loan.  I have personal knowledge of the facts set forth herein,

7  or have gained knowledge of them from FB Holdings' records,

8  which are maintained in the ordinary course of FB Holdings'

9  business, and if called as a witness, I could and would testify

10 competently thereto.  I make this declaration in support of FB

11 Holdings' Reply (the "Reply") to the Debtors' Opposition (the

12 "Debtors' Opposition"), and the Petitioning Creditors' Response

13 (the "Response," and together with the Debtors' Opposition, the

14 "Opposition") to FB Holdings' Motion to Dismiss the Involuntary

15 Case (the "Motion to Dismiss").

16     3.     On or around late February, 2009, the Debtors proposed

17 settlement terms to FB Holdings.  Pursuant to financial

18 information provided by the Debtors prior to entering into the

19 Loan and Note and information provided subsequently regarding

20 the Debtors' ability to pay the Note, the settlement terms were

21 unacceptable to FB Holdings.  As a result, FB Holdings rejected

22 the settlement offer.

23     4.     To date, the Debtors have not proposed a settlement

24 acceptable to FB Holdings and FB Holdings does not believe it

25 should be forced to enter into or accept settlement terms to its

26 detriment.

27 _____

28 [1]  Capitalized terms used but not otherwise defined herein shall have the
   meaning ascribed to them in the Motion to Dismiss.

                                   2

DECLARATION OF J. THOMAS MEADOWS IN SUPPORT OF REPLY TO DEBTORS' OPPOSITION TO
MOTION TO DISMISS

1    5.    On information and belief, the Debtors and the

2  Petitioning Creditors colluded together to file the Involuntary

3  Case and to prevent the Court from either entering an order for

4  relief against the Debtors or dismiss this Involuntary Case.

5    6.    As a result, FB Holdings' cannot proceed in the State

6  Court Action and obtain a judgment against the Debtors pursuant

7  to the automatic stay.

8    7.    In addition, after discussions with Mr. Casselberry,

9  FB Holdings' counsel in this case, we agreed to give the Debtors

10  a few months to respond to the filing of the Involuntary

11  Petition and/or file a motion to dismiss.  However, we realized

12  that the Debtors' and the Petitioning Creditors' intent was to:

13  (i) delay and stall all lawsuits against them; (ii) avoid

14  disclosure of their financial information required by the filing

15  of a voluntary bankruptcy case and in a normal involuntary

16  proceeding; and (iii) gain an upper hand in pressuring

17  settlement negotiations and agreements.  Therefore, we

18  subsequently filed the Motion to Dismiss on or around May 15,

19  2009.

20    8.    Moreover, a dismissal of the Involuntary Case or entry

21  of an order for relief against the Debtors pursuant to § 303

22  will not preclude settlement discussions between FB Holdings and

23  the Debtors or the Debtors and the other creditors.

24    9.    The Debtors have had more than enough time to attempt

25  settlement negotiations with all of their creditors or proceed

26  in the bankruptcy or state court actions – approximately one

27  year since the filing of this Involuntary Case.  However, they

28  have refused to offer settlement terms acceptable to FB Holdings

3

ICHELMAN & ROBINSON
Attorneys at Law
ORANGE COUNTY
#94091

**DECLARATION OF J. THOMAS MEADOWS IN SUPPORT OF REPLY TO DEBTORS' OPPOSITION TO
MOTION TO DISMISS**

1 | under the guise that FB Holdings is uncooperative.

2 |      10.    Therefore, the Court should enter an order for relief

3 | against the Debtors pursuant to § 303, require the Debtors to

4 | answer the involuntary petition, or dismiss this case.

5 |      I declare, under penalty of perjury under the laws of the

6 | United States of America that the foregoing is true and correct.

7 |      Executed this 17th day of June 2009, at Orange County,

8 | California.

9 |

10 |

11 |                          J. Thomas Meadows

12 |                          Special Assets Manager, First Bank, as agent
                             for FB Holdings, LLC

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

4

**DECLARATION OF J. THOMAS MEADOWS IN SUPPORT OF REPLY TO DEBTORS' OPPOSITION TO
MOTION TO DISMISS**

| In re:<br>LAWRENCE EUGENE REDMAN and JOY ANN REDMAN<br><br>Debtor(s). | CHAPTER   11<br><br>CASE NUMBER: 2:08-bk-21925-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4 Hutton Centre, Suite 300, Santa Ana, CA  92707

A true and correct copy of the foregoing document described as **FB HOLDINGS, LLC'S REPLY TO THE DEBTORS' AND PETITIONING CREDITORS' OPPOSITION TO MOTION TO DISMISS INVOLUNTARY CASE PURSUANT TO SECTIONS 303 AND 305** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On 06/17/09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
U.S. Bankruptcy Court
Edward R. Roybal Federal Bldg.
255 E. Temple Street
Los Angeles, CA 90012-3300
(VIA FEDERAL EXPRESS - TRACKING NO. 8557 4910 9903)

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 06/17/09 | Farida Baig | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

| In re:  LAWRENCE EUGENE REDMAN and JOY ANN REDMAN | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-21925-ER |

**Debtor**
Lawrence Eugene Redman
269 Argonne Avenue
Long Beach, CA 90803

**Joint Debtor**
Joy Ann Redman
269 Argonne Avenue
Long Beach, CA 90803

**Counsel for Debtor**
Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Ste. 1100
Los Angeles, CA  90067-4003

**United States Trustee**
725 S. Figueroa St., 26th Flr.
Los Angeles, CA 90017

**Atty for U.S. Trustee**
Ron Maroko
725 S. Figueroa St., Ste. 2600
Los Angeles, CA 90017

## Request for Special Notice

**Attorneys for IMH Secured Loan Fund**
Lawrence J. Hilton, Esq.
Hewitt & O'Neil LLP
1990 MacArthur Blvd.
Irvine, CA 92612

and

Alisa C. Lacey, Esq.
Stinson Morrison Hecker LLP
1850 N. Central Ave., Ste. 2100
Phoenix, AZ 85004-4584

**Counsel for Wells Fargo Bank, National Association**
Marc Andrews, Esq.
Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Dr., Ste. 280
Diamond Bar, CA 91765-2456

**Creditor GE Money Bank**
c/o Ramesh Singh, Financial Controller
c/o Recovery Management Systems Corp.
25 S.E. Ave., Ste. 1120
Miami, FL  33131-1605

**Attorneys for Creditors Silar Advisors, LP, Silar Special Opportunities Fund, LP, and Asset Resolution, LLC**
Katherine M. Windler, Esq.
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

**Attorneys for IndyMac Federal Bank FSB**
McCarthy Holthu
1770 Fourth Ave.
San Diego, CA 92101-2607

**Attorneys for PFF Bank & Trust**
Randye B. Soref, Esq.
J. Alexandra Rhim, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017-1730

## Petitioning Creditors

**Attorneys for Integrated Financial Associates Inc. and Marcie Signorelli Petitioning Creditors**
David B. Golubchik,
Levene Neale Bender Rankin & Brill LLP
10250 Constellation Blvd., Ste. 1700

Los Angeles, CA  90067

**Attorney for Compass FP Corp., Petitioning Creditor**
Steven H. Winick, Esq.
Four Embarcadero Ctr, 17th Flr
San Francisco, CA 94111

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**