1  Richard M. Pachulski (CA Bar No. 90073)
   Ira D. Kharasch (CA Bar No. 109084)
2  Stanley E. Goldich (CA Bar No. 92659)
3  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Boulevard, 11th Floor
4  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
5  Facsimile: 310/201-0760

6  [Proposed] Attorneys for Debtors and Debtors in
7  Possession

8                          **UNITED STATES BANKRUPTCY COURT**

9                            **CENTRAL DISTRICT OF CALIFORNIA**

10                                **LOS ANGELES DIVISION**

11 In re:                                           Case No.: 2:08-21925-ER

12 Redman, Lawrence Eugene and Redman, Joy Ann,     Ch. 11

13                                                  **SUBMISSION OF CHAPTER 11**
                      Debtors.                      **STATEMENT OF CURRENT**
14                                                  **MONTHLY INCOME (FORM 22B)**

15                                                  [No Hearing Required]
16

17     LAWRENCE EUGENE REDMAN and JOY ANN REDMAN, debtors and debtors in

18 possession herein, hereby submit their Chapter 11 Statement of Current Monthly Income.

19

20 Dated:   December 3, 2009              PACHULSKI STANG ZIEHL & JONES LLP

21
                                          By    */s/ Stanley E. Goldich*
22                                              Richard M. Pachulski
                                                Ira D. Kharasch
23                                              Stanley E. Goldich
                                                [Proposed] Attorneys for Debtors and
24                                              Debtors in Possession

25

26

27

28

73571-002\DOCS_LA:212388.1

In re  **Lawrence E. Redman**
       **Joy A. Redman**
       _____
                Debtor(s)

Case Number: **2:08-bk-21925-ER**
              _____
                  (If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. CALCULATION OF CURRENT MONTHLY INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ **Married, not filing jointly. Complete only column A ("Debtor's Income") for Lines 2-10.**<br>c. ☒ **Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to the date of the entry of Order for Relief. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions: - Social Security income only** | $ 2,588.83 | $ 0.00 |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. Gross receipts | $ 3,618.15 | $ 0.00 |<br>| b. Ordinary and necessary business expenses | $ 50,026.25 | $ 0.00 |<br>| c. Business income | Subtract Line b from Line a | | | $ (46,408.10) | $ 0.00 |
| 4 | **Net Rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. Gross receipts | $ 0.00 | $ 0.00 |<br>| b. Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 |<br>| c. Rent and other real property income | Subtract Line b from Line a | | | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 149.14 | $ |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ 0.00  Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 9 | **Income from all other sources.** [1] Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| Tax Increment | $ 60,883.33 | $ 0.00 | | $ 60,883.33 | $ 0.00 |

_____

[1] This amount excludes one-time asset sales.

B22B (Official Form 22B) (Chapter 11) (01/08)                                                                               2

| 10 | Subtotal of current monthly income. Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 thru 9 in Column B. Enter the total(s). | $ 17,213.20 | $ 0.00 |
|---|---|---|---|
| 11 | Total current monthly income. If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ | 17,213.20 |
| | **Part II. VERIFICATION** | | |
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: December 3, 2009     Signature: _/s/ Lawrence E. Redman_<br>                                                          **Lawrence E. Redman**<br>                                                          (Debtor)<br><br>Date: December 3, 2009     Signature: _/s/ Joy A. Redman_<br>                                                          **Joy A. Redman**<br>                                                          (Joint Debtor, if any) | | |

STATEMENT OF CURRENT MONTHLY INCOME
FOR USE IN CHAPTER 11

EXPLANATION OF CHANGES IN FORM 22B

2. Social Security income

- Projected to be $2,219 per month going forward, a decrease of $369.83 from what is listed on the form. The primary reason for the decrease is that there were 7 payments during the 6 month period covered in this form.

3. Net Income from operation of a business, profession, or farm.

- Projected to be a loss of $24,258.90 per month going forward, a decrease of $22,149.20 from the larger loss listed on the form. The decrease in loss is primarily due to a reduction in the overhead and maintenance cost from downsizing the Ranch operation.

5. Interest, dividends and royalties

- Projected to average $540.09 per month going forward, an increase of $390.95 over what is listed on the form. The primary reason for the increase is that the 6 month period covered in this form does not accurately represent what is earned on an annual basis. Larger cash balances earning more interest are projected during months outside of the 6 months covered in this form.

9. Income from all other sources

- Debtor is set to receive annual tax increment payments in 2010 in the estimated/projected amount of $1.327 million (90% will be paid in May/June 2010, with the remaining 10% to be paid between August-December 2010). This amount is subject to possible reductions based on William Ashby's claim against Ten-Ninety in the approximate amount of $2.9 million, and Ten-Ninety's note obligation to the City of Fontana in the approximate amount of $1.8 million. To the extent these obligations are required to be paid by Ten-Ninety, Mr. Redman's distribution from Ten-Ninety would be reduced by 1/3 of the amount paid. Additionally, there are other risks with respect to the future tax increment amounts payable to Mr. Redman, including, without imitation, a state taking of $2.05 billion against redevelopment agencies that is the subject of pending litigation.