```
 1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
    A Professional Law Corporation
 2   James P. Hill, SBN 90478
     Donald G. Rez, SBN 82615
 3   Jonathan S. Dabbieri, SBN 91963
    550 West "C" Street, Suite 1500
 4  San Diego, California 92101
    Telephone:    (619) 233-4100
 5  Fax Number:  (619) 231-4372

 6  Attorneys for William A. Leonard, Jr.
    As Chapter 7 Trustee For Asset Resolution LLC
 7
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re: | ) | Case No. 2:08-BK-21925-ER |
|---|---|---|
| LAWRENCE EUGENE REDMAN AND JOY ANN REDMAN, | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER: (1) ORDER SUSTAINING OBJECTION OF REORGANIZED DEBTORS AND DISALLOWING VERSIONS 8-1 AND 8-2 OF CLAIM NO. 8 (BOTH FILED MARCH 1, 2010) OF ASSET RESOLUTION LLC; and (2) ORDER SUSTAINING OBJECTION OF REORGANIZED DEBTORS AND DISALLOWING VERSION 8-3 OF CLAIM NO. 8 (FILED MAY 4, 2010) OF ASSET RESOLUTION LLC** |
| | ) ) ) | **Date:    TO BE DETERMINED**
**Time:    BY JUDGE**
**Crtroom: 1568** |
| | ) ) | **Judge:   Hon. Ernest M. Robles** |

317968-v1                               1                        Case No. 2:08-BK-21925-ER

## I. **INTRODUCTION**

Reconsideration by the Court of its orders entered November 23, 2010 is both indicated and mandated. The Bankruptcy Code, Bankruptcy Rules, equity and justice warrant this reconsideration. Immediately after this Court entered its orders disallowing all versions of the claim of the Bankruptcy Trustee of Asset Resolution LLC ("ARC") against the Debtors herein (Claim No. 8), the United States District Court Judge (Judge Jones) overseeing the bankruptcy of ARC (having withdrawn the reference) entered his order establishing this Court had been mislead into error by the Debtors herein on all premises upon which it had objected to each version of Claim No. 8 filed by ARC. Critically, Judge Jones reiterated that the ARC Trustee had "authority to continue to service the loans as servicer" and that he has "the right without the obligation to provide servicing for loans… ."[1] The order, issued with an effective date of January 21, 2010, makes it clear that the court had, at all times, intended and ordered that the ARC Chapter 7 Trustee had the authority to continue to service the loans as servicer when and as necessary. Thus, the fundamental predicate of the Motions for Reorganized Debtors for an Order Disallowing the ARC Trustee Claims, a premise this Court erroneously embraced, that the ARC Trustee had no standing to assert the claims because ARC's servicing rights had been withdrawn was incorrect. The ARC Trustee explicitly had the "authority to continue to service the loans." Judge Jones also stated that Kate Windler of the Law Firm of Bryan Cave LLP was "explicitly authorized" "to file a Proof of Claim on behalf of the Bankruptcy Estate of Asset Resolution LLC on March 1, 2010 in the matter of *In re Lawrence Eugene Redman and Joy Ann Redman*, United States Bankruptcy Court Central District of California, Case No. 2:08-BK-21925-ER." Judge Jones made that portion of the order effective *nunc pro tunc* to January 21, 2010 as well.

Because the factual and legal predicate for the court's decisions disallowing Claim Nos. 8-1, 8-2 and 8-3 were mistaken and fallacious, and the Objections upon which the court's order was

---

[1] *Nunc Pro Tunc* Order re Chapter 7 Trustee's Continued Authority to Service Loans on an Interim Basis entered April 24, 2010, Case No. 09-32825-RCJ (D. Nev.) submitted as Exhibit 1 to Request for Judicial Notice in Support of Bankruptcy Trustee William A. Leonard, Jr.'s Motion for Reconsideration ("RFJN").

based were both wrong and misleading, this Court should, and must, reconsider its orders disallowing Claim Nos. 8-1, 8-2 and 8-3.  Reconsideration is particularly warranted where, as in this case, the Debtors assert no substantive defense to the underlying $6,500,000 personal Fiesta guaranty obligation and the substantive defense in Ten-Ninety is fatally flawed.  Instead, the Debtors attempt to escape liability solely on the basis of an alleged lack of standing to timely file the Proofs of Claim.

**II. A MOTION FOR RECONSIDERATION IS PROPERLY BROUGHT AND HEARD**

On November 23, 2010 this Court, at the urging of the Debtor herein, entered two orders:

- Order sustaining objection of reorganized Debtors and disallowing Versions 8-1 and 8-2 of Claim No. 8 (both filed March 1, 2010) of Asset Resolution LLC and
- Order sustaining objection of reorganized Debtors and disallowing Version 8-3 of Claim No. 8 (filed May 4, 2010) of Asset Resolution LLC.

Both orders attached a tentative ruling dated November 8, 2010 and incorporated the tentative ruling by reference.  The tentative ruling accepted Debtors' assertions in their Notice of Motion and Motions that the ARC Trustee did not have standing to assert those claims since ARC had been terminated as servicer of the loans underlying the claim and that Kate [sic Katherine] Windler of Bryan Cave did not have authority to file Claim Nos. 8-1 and 8-2 and therefore Claim No. 8-3 was untimely since it could not amend an unauthorized filing of a Proof of Claim.  Immediately after entry of those orders on November 23, 2010, the United States District Court in the District of Nevada reacted.  Judge Jones issued his order, *nunc pro tunc*, to January 21, 2010 explicitly confirming that the "Chapter 7 Trustee had limited authority to continue to service the loans as servicer when and as necessary."  He stated that the written order supplemented the speaking orders he had previously issued and that this order "clarifies the record." He also held that the Proof of Claims filed on March 1, 2010 were "explicitly authorized."

The Bankruptcy Code explicitly countenances the bringing of a motion for reconsideration on a claim that has been disallowed:

> A claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case.  …

11 U.S.C. § 502(j).

The Bankruptcy Rules also countenance a reconsideration motion of a disallowed claim:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Bankruptcy Rule 3008.

And, of course, the Bankruptcy Court has equitable power to reconsider, modify or vacate its previous orders so long as no intervening rights have become vested in reliance on the orders. *Meyer v. Lenox (In re Lenox),* 902 F.2d 737, 740 (9th Cir. 1990). That equitable power is established by section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a) quoted by *In re International Fibercom, Inc.,* 503 F.3d 933, 940 (9th Cir. 2007). Exercising this authority is particularly appropriate in this context concerning a disallowed Proof of Claim, not on the merits but on procedural grounds, because in the Ninth Circuit it is the Court's "preference for resolution on the merits, as against strict adherence to formalities." *In re Anderson-Walker Industries, Inc.* 798 F.2d 1285, 1287 (9th Cir. 1986).

Thus, there can be no doubt of this Court's authority to reconsider its disallowance of Claim Nos. 8-1, 8-2, and 8-3. Case law has suggested that when a motion for reconsideration is filed pursuant to Rule 3008 within the 14-day period to appeal an original order allowing or disallowing a claim, the motion is considered analogous to a motion for a new trial or to alter or amend the judgment pursuant to FRCP 59 as incorporated by Rule 9023. *In re Wiley,* 349 B.R. 204, 209 (9th Cir. 2006). A motion under FRCP 59 may seek a reconsideration of the correctness and merits of the trial court's underlying judgment. *Id.* The standard of Rule 59 has been loosely incorporated into 11 U.S.C. section 502(j) to establish "cause" when the motion is brought within the 14 days for a motion for a new trial as provided in Bankruptcy Rule 9023. Bankruptcy Rule 9023 allows the bankruptcy court to amend a judgment for equitable reasons. *In re Enron Corp.,* 352 B.R. 363, 367 (Bkrtcy SDNY 2006). A motion for reconsideration need only demonstrate some reason why the court should reconsider its prior decision and it must set forth facts or law of a strongly convincing

nature such as would induce a court to reverse its prior decision. *In re Greco,* 113 B.R. 658, 664 (D. Hawaii 1990) *aff'd and remanded* 952 F.2d 406 (9th Cir. 1991). *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Hawaii 1988) ("a party must show that there has been intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice").

Here there is clearly "cause" for this Court to reconsider its orders entered November 23, 2010. Those orders were predicated on this "Court's review of the Nevada District Court Order," in which the instant court "concludes that ARC's servicing rights were effectively terminated as to those loans." Yet, on November 24, 2010, immediately upon learning of this Court's construction of its previous order and its subsequent speaking orders, the United States District Court in Nevada entered an order directly to the contrary concerning the trustee's servicing rights:

> on several occasions, this Court isssued speaking orders that the Chapter 7 Trustee had limited authority to continue to service the loans as servicer when and as necessary. The Trustee has the right but not the obligation to provide servicing for loans in his sole discretion; … .

It was the purpose of Judge Jones' order to "clarif[y] the record."

Moreover:

The effective date of this order is January 21, 2010.

Request for Judicial Notice Exhibit 1.

This Court also ruled that Ms. Windler **did** have standing and was authorized to assert Claim 8-1 and 8-2 on behalf of the ARC Trustee and therefore Claim No. 8-3 could and did amend those previous timely filed Claims. Again, Judge Jones explicitly ordered, *nunc pro tunc,* to January 21, 2010 that

> Kate Windler of the Law Firm of Bryan Cave LLP was authorized to file a Proof of Claim on behalf of the Bankruptcy Estate of Asset Resolution LLC on March 1, 2010 in the matter of *In re Lawrence Eugene Redman and Joy Ann Redman,* United States Bankruptcy Court Central District of California Case No. 2:08-BK-21925-ER.

RFJN Ex. 1, page 2, lines 17-21.

It is also clear that now that Judge Jones has clarified that ARC's Trustee does indeed have standing as servicer to pursue these guarantees of loans, there is no further dispute concerning the

ARC Trustee's right to enforce the guarantees. As the Debtors explicitly admit in their original moving papers: "The Redmans do not dispute that Silar assigned the Ten-Ninety/Fiesta Loans Recovery Rights to ARC in September 2008." Memorandum of Points and Authorities in Support of the Motion of Reorganized Debtors for an Order Disallowing Versions 8-1 and 8-2 of Claim No. 8 (both filed March 1, 2010) of Asset Resolution, LLC, page 6, fn. 4. As Debtors further admitted "the right to pursue recovery on the Ten-Ninety and Fiesta Loans (the 'Ten-Ninety/Fiesta Loans Recovery Rights'), were sold to Compass USA SP LLE and Company Financial Partners LLC (jointly 'Compass') on February 16, 2007 as part of a sale of loan servicing rights and fractional beneficial interests in a number of loans originated by USACM (the 'USACM loans'), including the Ten Ninety and Fiesta Loans." Redman's Memorandum of Points and Authorities, *supra,* at 5. The ARC Trustee, therefore is the appropriate party to enforce the guarantees.[2]

### III. CONCLUSION

It is clear under the Bankruptcy Code, Bankruptcy Rules and principles of equity that this Court has the authority to vacate its previous orders dated November 23, 2010. Moreover, those orders should be vacated if they resulted from "manifest error of fact or law or if there were newly discovered evidence that would affect the judgments." *In re Nunez,* 196 B.R. 150, 157 (9th Cir. BAP 1996). Here there can be no doubt that the court here relied upon its misunderstanding of the proceedings in the United States District Court for the District of Nevada. But Judge Jones, presiding over those proceedings in the United States District Court in Nevada has explicitly eviscerated the factual and legal predicate to this Court's order. Judge Jones has explicitly held that the Trustee had and has the right to service the loans at issue and had such rights from January 21, 2010. Moreover, the Proof of Claim (8-1 and 8-2) filed by Kate Windler of the Law Firm of Bryan Cave LLP on behalf of the Bankruptcy Estate of Asset Resolution LLC was explicitly authorized by

---

[2] While the servicing rights of the "Fiesta Murrietta" loan have now been transferred to Platinum Financial Trust, LLC, "for the purposes of continuity with respect to the allowance or disallowance of the Claims before the Bankruptcy Court presiding over the Debtor's case, Platinum has authorized William A. Leonard, Jr., as Chapter 7 Trustee for Asset Resolution LLC ("ARC" and the "Trustee") and his attorneys to appear and defend the Claims." Notice of Assignment of Rights and Interests Including Transfer of Interests in Claims 8-1 and 8-2 (Request for Judicial Notice, Exhibit 2).

the United States District Court in Nevada, *nunc pro tunc*, to January 21, 2010.  This Court is respectfully requested to reconsider its disallowance of Claim Nos. 8-1, 8-2 and 8-3 and enter a new order allowing those claims consistent with Judge Jones' clarification of the record in the Nevada bankruptcy proceeding of Asset Resolution LLC.

Respectfully submitted,

Dated:     December 7, 2010         SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                    A Professional Law Corporation


By:    */s/ Jonathan S. Dabbieri*
       James P. Hill
       Donald G. Rez
       Jonathan S. Dabbieri
       Attorneys for WILLIAM A. LEONARD, JR.
       AS CHAPTER 7 TRUSTEE FOR
       ASSET RESOLUTION LLC

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br>Debtors. | CHAPTER 11<br><br>CASE NO.: 2:08-21925-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Sullivan Hill Lewin Rez & Engel, APLC, 550 West "C" Street, Suite 1500, San Diego, CA 92101

A true and correct copy of the foregoing document described as **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER:  (1) ORDER SUSTAINING OBJECTION OF REORGANIZED DEBTORS AND DISALLOWING VERSIONS 8-1 AND 8-2 OF CLAIM NO. 8 (BOTH FILED MARCH 1, 2010) OF ASSET RESOLUTION LLC; and (2) ORDER SUSTAINING OBJECTION OF REORGANIZED DEBTORS AND DISALLOWING VERSION 8-3 OF CLAIM NO. 8 (FILED MAY 4, 2010) OF ASSET RESOLUTION LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 7, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.   **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On December 7, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.   **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 7, 2010**,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 7, 2010 | Cynthia Frederick | */s/ Cynthia Frederick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                                                  **F 9013-3.1.PROOF.SERVICE**

| In re: | CHAPTER 11 |
|---|---|
| Redman, Lawrence Eugene and Redman, Joy Ann, | |
| Debtors. | CASE NO.: 2:08-21925-ER |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Marc Andrews           Sandra.g.mcmasters@wellsfargo.com
- Janet L. Chubb         tbw@jonesvargas.com
- Jonathan S. Dabbieri   Dabbieri@shlaw.com
- Stanley E. Goldich     sgoldich@pszjlaw.com
- David B. Golubchik     dbg@lnbrb.com
- Jeffery D. Hermann     jhermann@orrick.com
- Lawrence J. Hilton     lhilton@hewittoneil.com; pgarnica@hewittoneil.com
- Sheri Kanesaka         sheri.kanesaka@bryancave.com
- Charles Liu            cliu@mrllp.com
- Ron Maroko             ron.maroko@usdoj.gov
- Anthony J. Napolitano  anapolitano@buchalter.com; IFS_filing@buchalter.com
- Daryl G. Parker        dparker@pszjlaw.com
- Leonard M. Shulman     lshulman@shbllp.com
- Randye B. Soref        rsoref@buchalter.com; IFS_filing@buchalter.com
- Derrick Talerico       dtalerico@loeb.com, kpresson@loeb.com; ljurich@loeb.com
- U.S. Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- David J. Williams      dwilliams@mrllp.com
- Katherine M. Windler   katherine.windler@bryancave.com

## II. SERVED BY U.S. MAIL

Melanie A. Ells
Law Office of Melanie Ells
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148

Francis B. Majorie
The Majorie Firm, LP
3514 Cedar Springs Road
Dallas, TX 75219

Richard M. Pachulski
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

FB Holdings, LLC
P. O. Box 1721
Shallotte, NC 28459

GE Money Bank
c/o Recovery Management Systems Corp.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                           **F 9013-3.1.PROOF.SERVICE**

| In re:<br>Redman, Lawrence Eugene and Redman, Joy Ann,<br>Debtors. | CHAPTER 11<br><br>CASE NO.: 2:08-21925-ER |
|---|---|

Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Kerry Mormann and Associates
977 Via Rosita
Santa Barbara, CA 93110

Lucase Horsfall, Murphy & Pindroh, LLP
100 East Corson Street, Suite 200
Pasadena, CA 91103

Sutter Securities Inc.
Steven H. Winick
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

The Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3542

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**